

NORTHERN DISTRICT OF GEORGIA

UNITED STATES DISTRICT COURT

IRVING A HARNED, JR., ;

                Plaintiff :

Vs. :

                                            CIVIL ACTION

                                            1 :22-CV-2042

CHRISTOPHER M. CARR.

                Defendant. :

--------------------------------------------------------------------------------------------------------------------

## COMPLAINT FOR DEPRIVATION OF RIGHTS, CONSPIRACY

## AND ABUSE OF OFFICE

( Sanctioned by 42 U.S.C. Section 1983 U.S. Code- 42. Annotated title 42. The Public Health And Welfare Section 1983. Civil action for deprivation of rights. )

**COMES NOW,** Irving A. Harned, Jr. ( hereafter: Plaintiff ) and files this "Complaint For Deprivation of Rights, Conspiracy, and Abuse of Office against Christopher M. Carr ( hereafter: Defendant )

Access to this Court is sanctioned by ( 42 U.S.C. Section 1983 . U.S. Code - 42. Unannotated title 42. The Public Health and Ware Section 1983. Civil action for deprivation of rights.)

1

## OPENING STATEMENT

THE HORROR OF A DISTRICT ATTORNEY ABUSING THEIR OFFICE  IS BEST SHOWN IN THE  NOW FOREVER INFEMOUS TREVON MARTIN MURDER CASE.

LIKEWISE, DEFENDANT IS ABUSING HIS OFFICE BY PROTECTING PIEDMONT HEALTHCARE, INC., FROM THE CONSEQUENCES OF THE MOST HORRIFIC HOSPITAL ATROCITY IN AMERICAN HISTORY.  ( Caps for emphasis )

## PARTY

Defendant  Christopher M. Carr is the Attorney General Of Georgia

## FACTUAL ALLEGATIONS

1.

Plaintiff claims Defendant is abusing his office as Attorney General to protect Piedmont Healthcare Inc., similar to D.A.acts allegedly committed in the Travon Martin case.

2.

Plaintiff claims Defendant is fully aware of the ongoing and **UNDENIED** Rico-style criminal conspiracy explained in File No. 1;22- CV- 1322.. ( See Defendant's Motion To Dismiss, Filed May 17, 2022, File No. 1: 22-CV-1322 )

3.

In late 2021 Plaintiff filed a 50 page Lawsuit against Defendant. ( See File No. 2021-CV-355989.Fulton County Superior Court.)

4.

2

On February 25, 2022, Judge Robert MCburney willfully and unlawfully dismissed without prejudice File No. 2021-CV-355989. Plaintiff's Complaint against Piedmont Healthcare Inc. was also willfully and unlawfully dismissed. ( See File No. 2021-CV- 355494 )

5.

**Defendant was in default on File No. 2021-CV-355989.**

6.

**Conspiracy is evidenced by** Judge MCburney basing two dismissals on Plaintiff's failure to get permission from Judge Kimberly E. Adams to file the Complaints based on a " Case Management order" from a case that closed over three years ago.

7.

In Case No. 2018-CV-311642 Judge Adams entered a " Case Management Order on December 10, 2018. The Order required Plaintiff to get permission to file another complaint.  ( See Court Order, File No. 2018-CV- 311642, Entered December 10, 2018 )

8.

Case No. 2018-CV-311642 closed on April 26, 2019. **Judge Adams lost jurisdiction to grant or deny anything three years ago.**  ( Court's Final Order, Entered April 26,2019 )

9.

Plaintiff filed a lawsuit against Judge Robert MCburney based on complicity. ( See File No. 2022-CV- 361996, Fulton County Superior court )

10.

Defendant is one of Judge MCburney's defense attorneys in Case No. 2022-CV- 361996; this is evidence of conspiracy. ( see File No. 2022-CV- 361996, Fulton County Superior Court.)

11.

Defendant knows, and has reason to know, Judge MCburney being presiding judge in the Fulton County Grand Jury Investigation brought by District Attorney Willis and Defendant is clearly a conflict that requires recusal. Conspiracy is evidenced by Judge MCburney's failure to recuse.

. 12.

Plaintiff Filed a Complaint Against Judge Kimberly Adams in 2021. ( See File No. 2021-CV- 353736, Fulton Superior Court.)

13.

In late 3021, Defendant was one of Judge Kimberly Adams defense attorneys in Case No. 2021-CV- 353736, Fulton County Superior Court, and had access to all Court records. Accordingly. Defendant knew, and had reason to know the events alleged in 1: 22-CV- 1322 )

14.

Defendant knows, and has reason to know, Judge Kimberly Adams, is a Fulton County Superior Court judge. A plethora of evidence within the court records shows Judge Adams in open or tacit collusion with Piedmont HealthCare, Inc.. **JUDGE ADAMS BURIED A SEVEN PAGE COMPLAINT.** ( caps for emphasis ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322, )

15.

Defendant knows, and has reason to know, evidence of open or tacit collusion includes : Piedmont Defendants or Judge Adams have never acknowledged the existence of Plaintiff's Third Amended Complaint Count Two : Fraud And Conspiracy To Commit fraud. ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

16.

Defendant knows, and has reason to know, Judge Adams, willfully and knowingly refused to adjudicate Plaintiff's Third Amended Complaint, Count Two: "Fraud and Conspiracy

To Commit Fraud, against Piedmont Healthcare inc."   ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

17.

Defendant knows, and has reason to know, Judge Adams may have lost judicial immunity by willfully and knowingly, "burying" Plaintiff's Complaint..  Judge Adams had no jurisdiction not to adjudicate a lawful lawsuit. Evidence supports this felonious act was premeditated.  ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

18.

Defendant knows and has reason to know there is an ongoing conspiracy that has lasted perhaps 30 years and has produced a possible excess of **50,000  POTENTIAL RICO-STYLE CRIMINAL FELONY COUNTS.  PIEDMONT DOES NOT DENY SAID CONSPIRACY.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. )

19..

Defendant knows, and has reason to know, At the time of this filing, Plaintiff is the daily victim of one of the most horrific  criminal conspiracies in Georgia history.  Defendants' criminal conspiracy continues through countless felony filing violations to defraud Plaintiff. **PIEDMONT DOES NOT DENY SAID CONSPIRACY.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. )

20.

Defendant knows, and has reason to know, evidence of open or tacit judicial collusion is supported by Judge Adams ruling O.C.G.A. section 16- 10- 20.1 not applicable to this case.  This denied the plaintiff the protection of O.C.G.A. Section 16- 10- 20.1. And constitutes deprivation of Plaintiff's rights. **PIEDMONT DOES NOT DENY SAID CLAIM** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. )

( See page 4-5, Exhibit "B" Complaint, File No. 1:22- CV-1322 )

21.

Defendant knows, and has reason to know, In an act that defies all logic and reason, evidence of judicial collusion is supported by Judge Adams dismissing Plaintiff's Third Amended Complaint based on not attaching an "Expert Affidavit" addressing causation. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( See Page 7-8, Exhibit "B", Complaint, File No. 1:22- CV- 1322.)

22..

Defendant knows, and has reason to know, evidence of judicial collusion is supported by Judge Adams "burying" Plaintiff's Third Amended Complaint, Count Two: Fraud And Conspiracy To Commit Fraud. **PIEDMONT DOES NOT DENY SAID CONSPIRACY.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

23.

Defendant knows, and has reason to know, Judge Kimberly Adams, is a Fulton County Superior Court judge. A plethora of evidence within the court records shows Judge Adams in open or tacit collusion with Piedmont HealthCare, Inc.. **JUDGE ADAMS BURIED A SEVEN PAGE COMPLAINT. PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

24.

Defendant knows, and has reason to know, evidence of open or tacit collusion includes : Neither Defendants or Judge Adams have ever acknowledged the existence of Plaintiff's Third Amended Complaint Count Two : Fraud And Conspiracy To Commit fraud. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

25.

Defendant knows, and has reason to know, Judge Adams,  willfully and knowingly refused to adjudicate Plaintiff's Third Amended Complaint, Count Two: "Fraud and Conspiracy To Commit Fraud, against Piedmont Healthcare inc." **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

26

Defendant knows, and has reason to know, Judge Adams may have lost judicial immunity by willfully and knowingly, "burying" Plaintiff's Complaint..  Judge Adams had no jurisdiction not to adjudicate a lawful lawsuit. Evidence supports this felonious act was premeditated. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

27.

Defendant knows, and has reason to know Plaintiff plead :  In or about September 2016, Plaintiff discovered for an undetermined number of years, perhaps 30 years or longer,  the Cardiac Services of Piedmont Hospital, Atl. failed to comply with Georgia Hospital Regulation 111- 8- 40- 20..  Defendants do not deny Plaintiff's claim. This is a prima facie case for a long term **pattern** of criminal acts, and **enterprise** required for a Rico claim. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

28.

Defendant knows, and has reason to know Georgia Hospital Regulation 111- 8- 40- 20., requires home-care education when needed or upon request. ( See Georgia Hospital Regulation 111- 8- 40- 20. )

29.

Defendant knows, and has reason to know, for many years prior to 2016  Piedmont Defendants had no printed homecare education for any heart related condition, except post cardiac surgery discharge instructions. This is a prima facie case for a long term pattern of fraud and enterprise for a Rico-Claim. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV-

30.

Defendant knows, and has reason to know, for many years Piedmont / Defendants have engaged in a conspiracy to defraud patients and/or conceal the fraud.  Piedmont nurses and physicians discharged thousands, upon thousands, of highly vulnerable, mostly elderly patients without homecare education and falsified their medical records. This is a Prima-facie case for pattern and enterprise supporting a Rico-claim. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV-

31..

Defendant knows, and has reason to know,  Patients needed to know what symptoms would require immediate medical attention. There can be no doubt that untold injury, suffering and deaths might make this the most horrific hospital atrocity in American history. **DEATHS CAUSED BY WILLFULLY AND KNOWINGLY VIOLATING A GEORGIA HOSPITAL REGULATION  MIGHT CONSTITUTE MURDER.  PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )

32.

Plaintiff was not provided any type of discharge instructions on July 11, 2016. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV-

33.

One month later, on August 11, 2016, Dr. Sharma informed Plaintiff that his long term rapid heart murmur caused heart failure. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )

34..

Plaintiff had not been instructed to regularly check his heart rate on July 11, 2016 and if elevated go to the E.R.. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )

35.

Dr. Sharma wrote to Plaintiff's primary care physician Timothy Young stating Plaintiff's heart failure was probably tachycardia induced. This is a prima facie case of actual loss. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )

36.

Piedmont has continued their conspiracy until this very day. For three years Piedmont has claimed Plaintiff was provided "Piedmont Cardiac Surgery Discharge instructions upon discharge," **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 ) ( see Page 2-3, Renewed Motion To Dismiss, Filed December 27, 2018, File No. 2018- CV- 311

37.

In February of 2019, Piedmont filed a Response and falsely stated that Piedmont's position is and always has been that Plaintiff was provided the Cardiac Surgery Discharge

Summary on July 11, 2016 upon discharge.  When Defendant pleaded Plaintiff was provided Cardiac Surgery Discharge Instructions on July 11, 2016, Defendants fabricated a defense. They knew Plaintiff was Discharged without any kind of discharge Instructions. Defendants' pleading was a felony and a deprivation of Plaintiff's rights. They were part of the ongoing conspiracy and the statute of limitations starts when the conspiracy ends. The conspiracy has not yet ended. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 ( See Page 1-2, Response To Motion To Recuse, Filed February 26, 2019, File No. 2018- CV- 311642 ) ( See Renewed Motion To Dismiss, Filed December 27, 2018, File No. 2018-CV- 311642 )

38.

Plaintiff was an atrial fibrillation patient.   The claim that an atrial fibrillation patient would be Piedmont Post Cardiac Surgery Discharge Instructions is **FALSE ON ITS FACE.** (Caps for emphasis ) . No nurse would ever instruct an atrial fibrillation patient as follows :

(1) No nurse would instruct an atrial fibrillation patient on wound care.

(2) No nurse would give an atrial fibrillation patient heavy lifting restrictions.

(3) No nurse would give atrial fibrillation patients driving restrictions.

(4) No nurse would instruct on drainage.

(5) No nurse would instruct concerning order from wounds.

(6) Why would Nurse Wilson instruct an atrial fibrillation patient on inability to have a bowel movement?

(7) No nurse would instruct an atrial Fibrillation fibrillation patient on swelling of any extremity / redness / order / drainage / of any wounds.

(8) Why would Nurse Wilson instruct an atrial fibrillation patient on inability to urinate?

.      (9) Why would Nurse Wilson instruct an atrial fibrillation patient on nausea?

(10) Why would Nurse Wilson instruct an atrial fibrillation patient on persistent vomiting?

(11) Why would Nurse Wilson instruct an atrial fibrillation patient to call the office for fever greater than 101.5?

(12) Why would Nurse Wilson instruct an atrial fibrillation patient to continue using sternal precautions as instructed in the hospital?

(13) Why would Nurse Wilson instruct an atrial fibrillation not to do any heavy lifting?

.      (14) Why would Nurse Wilson instruct an atrial fibrillation patient to continue ambulating as much as possible?

.      (15) Why would Nurse Wilson instruct an atrial not to do any pushing or pulling of any kind?   ( See Piedmont Cardiac Surgery Discharge Instructions )

**PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. )  ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )

There is no statute of limitations for " fraud on the Court ". This Court could find Piedmont Counsels committed Fraud On The Court based on pleading Plaintiff was Provided Cardiac Surgery Discharge Instructions On July 11, 2016. ( See Renewed Motion To Dismiss, Filed December 27, 2018, File No. 2018-CV-311642 )

39.

Being one of  countless thousands of defrauded patients, on January 7, 2019, Plaintiff filed his Third Amended Complaint, Count Two: Fraud And Conspiracy To Commit Fraud. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. )  ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )  ( See Exhibit "A" Complaint, File No. 1: 22-CV- 1322 )

40.

Defendant knows, and has reason to know, " Plaintiff is one of thousands of defrauded patients because there was an ongoing criminal conspiracy to defraud patients out of printed discharge instructions they are required to receive under Georgia Hospital Regulations. **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )   ( Georgia Hospital regulation 111- 8- 40- 20 ) ( See Page # 9, Exhibit "A"  Complaint, File No. 1: 22- CV- 1322 )

41.

Defendant knows, and has reason to know, On April 26, 2019 Judge Adams dismissed Plaintiff's Complaint without acknowledging the existence of " Count Two: Fraud and Conspiracy To Commit Fraud." **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )

42.

Defendant knows, and has reason to know, Plaintiff was denied access to the court. The Court's failure to address Count two was a willful and deliberate deprivation of Plaintiff's rights under U.S.C. 42. Section 1983 . ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

43.

Defendant knows, and has reason to know, on October 26, 2020 Plaintiff filed a Motion To Set Aside dismissal of Plaintiff's Third Amended Complaint, Under O.C.G.A. Section 9- 11- 60. Plaintiff claimed the Court failed to adjudicate Plaintiff's Count Two, " Fraud And Conspiracy To Commit Fraud ". ( See Exhibit "D", Complaint, File No. 1:22-CV- 1322 )

44.

Defendant knows, and has reason to know,  this is Judge Adams second order failing to address Plaintiff's " Fraud and Conspiracy To Commit Fraud" Complaint is evidence of Judge

Adams willful intent to bury Plaintiff's legal action against Piedmont Healthcare inc.  **PIEDMONT**

**DOES NOT DENY SAID CLAIM.**  ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22-

CV- 1322. )  ( see exhibit "A" B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )    ( See

Exhibit "C", Complaint, 1; 22-CV- 1322 )

45        .

Defendant knows, and has reason to know, on September 1, 2021, Judge Adams

denied Plaintiff's Motion To Set- Aside without acknowledging the existence of Count Two:

"Fraud And Conspiracy To Commit Fraud." For the second time Plaintiff was denied access to

the Court.  This willful act was a clear deprivation of rights.  **PIEDMONT DOES NOT DENY**

**SAID CLAIM.**  ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. )  ( see

exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )  ( See Exhibit "C", Complaint,

1; 22-CV- 1322 )

46.

Defendant knows, and has reason to know, Judge Adams and Piedmont  have

never acknowledged in any court record that Plaintiff filed count two: Fraud And Conspiracy To

Commit fraud.  **PIEDMONT DOES NOT DENY SAID CLAIM.**  ( See Motion To Dismiss, Filed

May 17, 2022, File No. 1: 22- CV- 1322. )  ( see exhibit "A" "B" and "C", "D" Complaint, File No.

1: 22- CV- 1322 )   ( See all court records )

47.

Defendant knows, and has reason to know,  Judge Adams ruling O.C.G.A. section 16-

10- 20.1 not applicable to this case.  This denied the plaintiff the protection of O.C.G.A. Section

16- 10- 20.1. And constitutes deprivation of Plaintiff's rights. ( See page 4-5, Exhibit "B"

Complaint, File No. 1: 22-CV- 1322 )

25.

Defendant knows, and has reason to know, in an act that defies all logic and

reason, evidence of judicial collusion is supported by Judge Adams dismissing Plaintiff'sThird

Amended Complaint based on not attaching an "Expert Affidavit" addressing causation.

**PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 ) ( see Page 2-3, Renewed Motion To Dismiss, Filed December 27, 2018, File No. 2018- CV-311 ) ( See Page 7-8, Exhibit "B", Complaint, File No. 1: 22- CV- 1322 )

26.

On October 25, 2018 Judge John B. Sumner ordered Plaintiff and Defendant to try and reach an agreement regarding Defendants October 4, 2018 petition for a temporary restraining order.  Appellees' Counsels Paul Weathington, Jesse Brocker and Appellees' in-house counsel Allison Richardson along with Appellant gathered together.  (no court record )

27.

Plaintiff took the opportunity on  October 25, 2018  to review his Medical Records with Piedmont Counsels.

28.

On October 25, 2018   the group looked at the Original discharge summary generated by Nurse Stacey Wilson for July 11, 2016. The group looked at the discharge summary "edited" by Dr. William Blincoe, Chief of Cardiology. Appellant showed Appellees that Seventeen months
later, Dr. Blincoe had  "unlawfully" altered Nurse Wilson's original summary to read Appellant was provided verbal and written discharge instructions for post cardiac surgery patients. ( See Discharge Summaries, Exhibit "A" Complaint, 1: 22-CV-1322 )

29.

On October 25, 2018, Appellant Informed Defendants'' Counsels that if, in the future,

they filed a document with the Court falsely stating that Plaintiff was provided Piedmont Post Cardiac Surgery Discharge Instructions, they would be committing a felony filing violation of O.C.G.A. Section 16- 10- 20.1. .Furthemore, because they are officers of the court, they would be committing fraud on the Court. ( See Factual Allegation # 34, Third Amended Complaint, Filed January 7, 2019, File No. 2018-CV- 311642 )

30.

Defendant knows, and has reason to know,  every Factual Allegation is easily verifiable in the Court record. The Factual Allegations show Piedmont felony filings, and false oral arguments, done for the purpose of fraudulently converting an ordinary negligence complaint, as pleaded, into a professional medical malpractice complaint.  By fraudulently converting Appellant's "Complaint For Ordinary Negligence"  into a professional medical malpractice complaint, Appellees' had the Complaint dismissed for failure to attach an "expert Affidavit" upon filing.  (See page 8-9, Final Order, Filed April 26, 2019)                    .

31.

Defendant knows, and has reason to know,  on January 7, 2019 Appellant filed his "Third Amended  Complaint." Plaintiff's seven page,  Count Two for "Fraud And Conspiracy To Commit Fraud,  has **never** been ADDRESSED by Defendants or Judge Adams. Therefore, Appellant was willfully denied " Access to the Court."  **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )   ( See all court records )

.

32.

Defendant knows, and has reason to know, during the August 18, 2021 Motions Hearing Plaintiff argued as follows: "Your Honor, they presented no defense for my seven -page --Count Two, 'Fraud and Conspiracy To Commit Fraud. And Your Honor, you skipped that. You

didn't read it. You dismissed the entire complaint without bringing up or even mentioning my seven- page complaint for Fraud and Conspiracy To Commit Fraud." **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )   ( See all court records ) ( See Lines 11-17, Page 15, Motions transcripts.)                          .

33.

       During the August 18, 2021 Motions Hearing Plaintiff argued, " you  also ruled that causation is addressed at the time of the filing. And , Your Honor, that is simply not true. Causation is addressed at the time of trial...You also ruled that O.C.G.A. Section 16-10-20.1 was not applicable." **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. )  ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322 )   ( See all court records ) ( See Lines 11-17, Page 15, Motions transcripts.)                          .                         (See lines 4-7, Page 18, Motions transcript, August 18, 2021.)

.             ..                      34

       Defendant knows, and has reason to know, Plaintiff's Third Amended Complaint, "Count One,  was clearly simple, ordinary, or gross negligence as pleaded based upon the Georgia Court Of Appeals'  explanation of what constitutes simple, ordinary, or gross negligence in a medical setting.  (See Pain Specialists, P.C. v. Brown, 303 Ga. 265, 265, 811 S.E.2d 360, 362 (2018). ( See Carter Vs Vista Care 335 Ga. app 616 616 621 (3) 1782 se) 2d  )

                              35.

       Appellant's Third Amended Complaint, Count One, was based on Factual Allegation # 5 as follows:   "Plaintiff was admitted to the Cardiac Services of Piedmont .Hospital Atlanta and was diagnosed with atrial fibrillation with rapid heart rate. On July 11, 2016 Plaintiff requested education in the form of discharge instructions. Georgia Hospital Regulations state, "The hospital shall provide education to patients and their family members or interested persons

as necessary or as requested by the patient, to prepare them for the patient's post -hospital care." (Georgia Hospital Regulations 111-8-40-20.)

When Appellant requested education, under Georgia Regulations, the hospital was required to provide education. In this case the medical decision is the Georgia Hospital Regulation itself."   No "Expert Affidavit" is required when the pleading is failure to follow hospital regulations.

" Failing to provide the required education denied Plaintiff of the education that would have prevented his chronic heart failure. Dr. Milla prescribed that Plaintiff be provided with discharge instructions contained in a packet entitled Cardiac Surgery Discharge Summary. The Packet contains printed discharge instructions. On July 11, 2016 Nurse Stacey Wilson failed to hand this packet to Plaintiff upon discharge. Failing to follow Dr Milla's orders was ordinary negligence, simple, or gross negligence. Failing to follow Georgia Hospital Regulations was ordinary, simple, or gross negligence. The handing out of discharge instructions is routine because every patient is to receive them upon discharge. Nurse Wilson did not make a medical decision not to provide discharge instructions. No medical expertise was required to Google up atrial fibrillation homecare instructions. Anyone could have Googled up atrial fibrillation homecare instructions on July 11, 2016. Failure to perform routine acts does not constitute medical negligence but rather ordinary, simple or gross negligence." (See Pain Specialists, P.C. v. Brown, 303 Ga. 265, 265, 811 S.E.2d 360, 362 (2018). ( See Carter Vs Vista Care 335 Ga. app 616 616 621 (3) 1782 se) 2d  ( See Factual Allegation # 5, Third Amended Complaint, Filed January 7, 2019 )

36.

Defendant knows, and has reason to know, Plaintiff's dismissed Complaint before this Court was based entirely on Defendants' conspiring to defraud Plaintiff out of his Third Amended Complaint by unlawfully converting Plaintiff's "Ordinary Negligence Complaint" into a professional negligence complaint by inserted defense, and dispute of facts, for purposes of a

their, Motion To Dismiss.  (See page 2, Renewed Motion To Dismiss, Filed December 27, 2018)

( See Defendants Oral Arguments, Motions Hearing Transcript, March 27, 2019, File No

2018-CV- 311642 )  ( See Response in Opposition To Recusal, filed February 26, 2019 File No.

2018- CV- 311642 )

37,

Defendant knows, and has reason to know, by fraudulently converting Appellant's

"Complaint For Ordinary Negligence"  into a professional medical malpractice complaint,

Appellees' had the Complaint dismissed for failure to attach an "expert Affidavit" upon filing.

(See Page 8-9, Exhibit "B")

.                                                        38.

Defendant knows, and has reason to know,  Plaintiff pleaded that Nurse Stacey

Wilson failed to provide Dr. Federico Milla's prescribed discharge instructions upon Plaintiff's

discharge on July 11, 2016. That constitutes simple, ordinary, or gross negligence in a medical

setting as clearly defined by the Georgia Court of Appeals.  (See Pain Specialists, P.C. v. Brown,

303 Ga. 265, 265, 811 S.E.2d 360, 362 (2018). ( See Carter Vs Vista Care 335 Ga. app 616 616

621 (3) 1782 se) 2d  ( See Factual Allegation # 5, Third Amended Complaint, Filed January 7,

2019 )

39.

Defendant knows, and has reason to know, Piedmont / Defendants unlawfully

pleaded Appellant was provided cardiac surgery discharge instructions" upon discharge, and that

constitutes professional medical malpractice and required an attached "Expert Affidavit", upon

filing. ( See Factual Allegation # 5, Exhibit "A" )  ( See Page 2, Renewed Motion To Dismiss,

Filed December 27, 2018, File No. 2018-CV-311642  ) ( See Appellees Oral Arguments,

Transcript, March 27, 2019, File No. 2018- CV- 311642 )    (See Pain Specialists, P.C. v.

Brown, 303 Ga. 265, 265, 811 S.E.2d 360, 362 (2018). ( See Carter Vs Vista Care 335 Ga. app 616 616 621 (3) 1782 se. 2d  )

40.

On October 4, 2018 Piedmont Healthcare, Inc. filed a petition for stalking to protect Piedmont attorneys, employees, associates, and family members. Plaintiff had not visited Piedmont Hospital in 11 months and had only spoken to one Piedmont employee, on one occasion, in 11 months. (See 18-CVE- 1805, Cherokee Superior Court )

...                                    41.

On October 4, 2018 Defendants requested that Piedmont Attorneys be protected in their petition for stalking. Plaintiff had communicated with Piedmont's Attorneys. In fact, Piedmont had directed Plaintiff to direct all communication to . the Weathington Law firm.  ( 18-CV- 1805, Cherokee County Superior Court )

42.

The  Requested Protective Order Hearing was held in Cherokee County Superior Court on October 25, 2018.

43..

.        On October 25, 2018  Judge Sumner instructed Piedmont's attorneys and Plaintiff to try and reach an agreement without Court involvement. Ms. Allison Richardson is the in-house-attorney for Piedmont Healthcare. Ms. Richardson attended the Court required meeting on October 25, 2018. Both parties agreed that attorneys would not be protected.  (No Court record )

44.

The Court Order was entered on November 21, 2018. The Order stated, " That Respondent has no contact of any type, direct or indirect, or through another person with Piedmont's employees, Board Members, associates or family members, including but not

limited to telephone, fax, email, or any other means of communication. (See 18-CVE-1805,

Cherokee County )

45.

**Defendant knows, and has reason to know Piedmont / defendants tried to frame Plaintiff for Contempt of Court.** On August 16, 2019 Defendants filed a violation of O.C.G.A. Section 16-10- 20.1. Defendants falsely filed, " This Order specifically restricted Mr Harned from having any contact ( direct or indirect ) including email contact, with Piedmont's employees, Board members, and Attorney**s.** ( See 18-CV-1805, Cherokee Superior Court )

46.

**Defendant knows, and has reason to know Piedmont / defendants tried to frame Plaintiff for Contempt of Court.** On January 13, Piedmont filed another violation of O.C.G.A. Section 16- 10- 20.1. Defendants falsely filed " The Order specifically restricted Mr. Harned from having any contact, direct or indirect ) including email contact, with petitioner's employees, Board Members, and attorneys. **PIEDMONT DOES NOT DENY SAID CONSPIRACY.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)   ( See 18CVE1805 )

47..

The Contempt of Court Hearing held on February 12, 2020. The Court found Plaintiff not to be in Contempt of court.

48.

Defendant knows, and has reason to know, in an astonishing act that defies logic and reason, Judge Adams willfully misrepresents material fact on ALL SIX pages in the Final Order, and before this Court by finding Plaintiff's dismissed Complaint filed in 2020 was based on the same events as The Third Amended Complaint filed on January 7, 2019. ( See Pages 1-6, "Exhibit "C" )

49.

All this Court needs to do is read the 2018 Complaint and the 2020 Complaint to know Judge Adams' finding is fraudulent. ( See Page 2-6, Exhibit " C" )

50.

Defendant knows, and has reason to know,  on September 1, 2021 Judge Adams violated O.C.G.A. Section 16- 10- 20.1., by entering the Final Order dismissing Plaintiff's November 2020 Complaint. Dismissal was based on Plaintiff's failure to get the Court's permission prior to filing as follows : "This Court entered an Order on December 10, 2018 in the Original Lawsuit specifically  requiring Plaintiff to request and obtain permission from this Court before filing any civil lawsuit  relating to the subject matter of this litigation. The Order makes clear any violation of the Order  may result in the imposition of sanctions or a finding of contempt. This Court further reminded  Plaintiff of December 10 Order in its March 11, 2019 Omnibus Order — also entered in the  Original Lawsuit — and again iterated violations could result in sanctions/contempt findings.  Because no prior permission was received before filing these new suits and various motions and notices, Plaintiff's above-styled action must be dismissed." **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. )  ( see exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

51.

Plaintiff claims this constitutes willful denial of justice, denial of access to the court, fraud on the court, a felony filing violation of O.C.G.A. section 16- 10- 20.1., raises a question of law, and is unconstitutional.

52.

On December 16, 2020 Piedmont  violated O.C.G.A. Section 16- 10- 20.1., by falsely filing that Judge Adams' December 10, 2018 "Case Management Order" in a case that closed April 26, 2019 is still in effect. The Order required Plaintiff to get the Court's permission prior to filing any new complaints against Defendants. Defendants claimed Plaintiff's November 2020 must be dismissed for failing to get permission to file Plaintiff's November 2020 Complaint. ( See Motion To Dismiss, Filed December 16, )

53.

Defendant knows, and has reason to know, on September 1, 2021 Judge Adams violated O.C.G.A. Section 16- 10- 20.1., by entering the Final Order dismissing Plaintiff's November 2020 Complaint. Dismissal was based on Plaintiff's failure to get the Court's permission prior to filing as follows : "This Court entered an Order on December 10, 2018 in the Original Lawsuit specifically  requiring Plaintiff to request and obtain permission from this Court before filing any civil lawsuit  relating to the subject matter of this litigation. The Order makes clear any violation of the Order  may result in the imposition of sanctions or a finding of contempt. This Court further reminded  Plaintiff of the December 10 Order in its March 11, 2019 Omnibus Order — also entered in the  Original Lawsuit — and again iterated violations could result in sanctions/contempt findings.  Because no prior permission was received before filing these new suits and various motions and notices, Plaintiff's above-styled action must be dismissed." ( See page 5, Final Order, Entered September 1, 2021 )

Plaintiff  claims this constitutes willful denial of justice, denial of access to the court, fraud on the court, a felony filing violation of O.C.G.A. section 16- 10- 20.1., raises a question of law, and is Unconstitutional.

54.

Defendant knows, and has reason to know,  Judge Adams' Final Order contains

enough evidence to prosecute Judge Adams and Appellees for fraud, collusion and "fraud on the court".    Only **Collusion** can reasonably explain Judge Adams "burying" Appellant's seven page  Count Two, "Fraud And Conspiracy To Commit Fraud, ( See Exhibit "A", "B", "C", and "D" Complaint, File No. 1:22- CV- 1322 )

.                                                          55..

Defendant knows, and has reason to know, Plaintiff informed Judge Adams at least a dozen times, verified in the Court record,  that the Court ignored Count Two. Therefore, Judge Adams willfully ignoring Appellant's legal action is willfully UNCONSTITUTIONAL. ( See page 3, Exhibit "D" ) ( See lines 11-20, Page 15,  Motions Hearing Transcript, August 18, 2021 )

.                                                          56..

Defendant knows, and has reason to know,  there is an on-going, Rico style, conspiracy  to "cover-up" what might be the most horrific event in hospital history. For an estimated three decades, the "Cardiac Services Of Piedmont Hospital," has been discharging patients without  Georgia Hospital Regulations required homecare education. Furthemore, Piedmont nurses have willfully, and unlawfully, falsified thousands of these patients' medical records.

57.

Defendant knows, and has reason to know, these patients are highly vulnerable, mostly elderly patients who desperately need to know what physical signs require immediate medical attention.  Untold needless injury, suffering and even deaths have undoubtedly occurred.                                                          .

.                                                          58..

Defendant knows, and has reason to know, Judge Adams has known about all of

this for three years. Astonishingly, no one denies Appellant's claim.  That is why Plaintiff's Count

Two, Fraud and Conspiracy to Commit Fraud was " buried" and never "addressed."  ( See

Exhibit "A", "B", "C" and "D", Complaint, File No. 1:22=CV- 1322 ) )

59..

Defendant knows, and has reason to know, Plaintiff was willfully denied the

protection of O.C.G.A. Section 16-10- 20.1. The Court fraudulently ruled as follows:

" Moreover, as for Plaintiff's claim under This Statute is not applicable as it applies

solely to liens, encumbrances, documents of title and instruments relating to a security interest

in title or real property."  ( See page 4-5, Exhibit "B" see page 12-13, Exhibit "D" Complaint File

No. 1: 22-CV- 1322 )

60                                    .

Defendant knows, and has reason to know, there are at least 14 easily verifiable felony

filing violations of O.C.G.A. Section 16- 10- 20.1 found in the Court record. Rule 2.15 of the

Georgia Judicial Code Of Conduct required Judge Adams to report Defendant's  counsels to the

appropriate authorities. Judge Adams refused to report Defendants' counsels to the appropriate

authorities. This is more evidence showing judicial collusion.

61.

..            Judge Adams ignored Plaintiff's "Request For Immediate Review" to file an

interlocutory appeal for denying Appellant's Motion To Recuse.  **PIEDMONT DOES NOT DENY**

**SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. ) ( see

exhibit "A" "B" and "C", "D" Complaint, File No. 1: 22- CV- 1322,)

 (See Request For Certificate For Immediate Review, Filed July 30, 2021 )

.

62.

Defendant knows, and has reason to know,   Judge Adams "BURIED" the two following motions:

In late November 2020 Plaintiff filed Two Motions For Relief From Judgment under O.C.G.A. Section 9-11- 60.            .

Defendants' failed to file Responses to either Motion.

Judge Adams Ignored/buried both Motions.

Judge Adams ignored Plaintiff's Motion For Relief From Judgment dismissing Plaintiff's October 17, 2018 Complaint For Fraud.

Judge Adams ignored Plaintiff's Motion For Relief From Dismissal of Plaintiff's 2018 Complaint for Slander.

Plaintiff claims Judge Adams'  willful refusal to address Plaintiff's Two Motions For Relief Of Judgment under 9- 11- 60., is fraud on the Court, willful denial of access to the court ,unconstitutional and a deprivation of Plaintiff's rights. Also, evidence of judicial collusion.

**PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. )

.

63.

.      Defendant knows, and has reason to know, in an astonishing act that defies logic and reason, Judge Adams willfully, and fraudulently,  misrepresented material fact and/or law on ALL SIX pages in the Final Order.

Judge Adams fraudulently ruled Appellant's dismissed Complaint, filed in  2020,  is based on the **same events** as Appellant's Third Amended Complaint filed in 2018.  (see Pages 1-6, Final Order , Entered September 1, 2021 )

.                          64 **.**

Plaintiff's dismissed Complaint was based on Defendants defrauding Plaintiff out of his Third Amended Complaint, filed January 7, 2019. The Factual Allegations list false felony filings and false oral arguments made in 2018 and 2019. Because all of the Factual Allegations are lifted from the Court record they are not in dispute.

65.

… The Court wrongly dismissed Appellants Third Amended Complaint for failure To Attach an "Expert Affidavit" upon filing addressing causation, as follows: " " The Court finds that in order to demonstrate the proximate cause of his 'weakened heart,' Plaintiff would have to introduce expert evidence and testimony...Based on the facts in evidence, in order for Plaintiff to prove proximate cause, O.C.G.A. Section 9- 11- 9.1 would be triggered."

Of Course, " proximate cause" is addressed during the trial phase, not upon filing. The Court record confirms, Plaintiff has informed Judge Adams many times of this legal error. ( See lines 25, Page 15, lines 1-4, Page 16, Motions hearing, August 18, 2021 ) ( See Page 71, Exhibit "D".) **PIEDMONT DOES NOT DENY SAID CLAIM.** ( See Motion To Dismiss, Filed May 17, 2022, File No. 1: 22- CV- 1322. )

**COUNT ONE: DEPRIVATION OF RIGHTS, COMPLICITY, ABUSE OF OFFICE.**

66.

Defendant joined in a conspiracy with Piedmont Healthcare, Inc., depriving Plaintiff of Plaintiff's Constitutional right to equal protection, and access to an impartial court,

67.

Plaintiff is severely hampered in receiving a possible financial reward for a viable complaint.

68.

Plaintiff is 78 years old living solely on social security benefits. Plaintiff is in poor health and has heart failure. The emotional pain and suffering litigating against a conspiracy for three years is severe.  Plaintiff has filed over 1000  court filings. Plaintiff requests 5 million dollars  for emotional pain and suffering.

Wherefore, Plaintiff respectfully request a trial by jury and demands that :

A     Summons and process issues to Defendant

B     Judgment be entered against Defendant for damages in excess of $ 15,000,000. Fifteen million dollars to be entered against Defendant for potential financial loss, and punitive Damages.  C.     Judgment be entered against Defendant for damages in excess of $ 5,000,000 for physical, and emotional pain and suffering.

C.     Judgment be entered against Defendant for all court costs.

This 23 rd day of May 2022.

IRVING A. HARNED, JR. Pro Se.

507 Deer Cliff Court.

Woodstock, Ga. 30189

770 592 1102

thememsrer@yahoo.com"